```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION AT PIKEVILLE
```

CASE NO. 7:16-cv-46 (WOB-CJS)

WILLIAM S. HENSLEY                                              PLAINTIFF

VS.

COMMISSIONER OF SOCIAL SECURITY                                 DEFENDANT

_____

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION AT PIKEVILLE
```

CASE NO. 7:16-cv-58 (WOB-CJS)

DEBORAH ANN HENDERSON                                           PLAINTIFF

VS.

COMMISSIONER OF SOCIAL SECURITY                                 DEFENDANT

_____

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION AT PIKEVILLE
```

CASE NO. 7:16-cv-65 (WOB-CJS)

WILLIS OUSLEY                                                   PLAINTIFF

VS.

COMMISSIONER OF SOCIAL SECURITY                                 DEFENDANT

_____

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION AT PIKEVILLE
```

CASE NO. 7:16-cv-197 (WOB-CJS)

CHARLENE CRASE                                                  PLAINTIFF

**VS.**

**COMMISSIONER OF SOCIAL SECURITY**                      **DEFENDANT**

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**

**CASE NO. 6:16-cv-274 (WOB-CJS)**

**PERRY COMBS**                      **PLAINTIFF**

**VS.**

**COMMISSIONER OF SOCIAL SECURITY**                      **DEFENDANT**

---

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT PIKEVILLE**

**CASE NO. 7:17-cv-53 (WOB-CJS)**

**MARION LEE ROGERS**                      **PLAINTIFF**

**VS.**

**COMMISSIONER OF SOCIAL SECURITY**                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs' motions for attorney's fees[1] and Defendant's motions to lift the stay in the above-captioned cases and deny fees under the Equal Access to Justice Act.[2] After careful consideration, and the Court being

---

[1] (No. 7:16-46, Doc. 46; No. 7:16-58, Doc. 37; No. 7:16-65, Doc. 41; No. 7:16-197, Doc. 39; No. 6:16-274, Doc. 34; No. 7:17-53, Doc. 31).

[2] (No. 7:16-46, Doc. 53; No. 7:16-58, Doc. 43; No. 7:16-65, Doc. 46; No. 7:16-197, Doc. 45; No. 6:16-274, Doc. 39; No. 7:17-53, Doc. 36).

advised, the Court issues the following Memorandum Opinion and Order.

## *FACTUAL AND PROCEDURAL BACKGROUND*[3]

From 2004 through 2011, former attorney Eric Conn represented claimants in their efforts to obtain social security benefits. (No. 7:16-cv-197, Doc. 40 at 4 n.1 (citing Plea Agreement, *United States v. Conn*, No. 5:17-cr-43 (E.D. Ky. Mar. 24, 2017))). During this time, he bribed four doctors to furnish medical reports that were favorable to his clients, regardless of their actual conditions. *Id.* Conn also bribed a local administrative law judge to assign himself Conn's cases and issue favorable rulings. *Id.*

After Conn's scheme was uncovered in 2014, the Social Security Administration ("SSA") determined that the agency needed to redetermine eligibility for more than 1,700 claimants who may have been improperly awarded benefits because of the fraud. *Id.* at 4. During the redetermination process, the SSA allowed the claimants to submit additional evidence relating to their eligibility. However, the SSA categorically excluded any reports or other evidence from the four physicians involved in the fraud. *Id.* at 5. The SSA argued that it was possible reports from those physicians were fraudulent and it did not allow the claimants to rebut this

---

[3] These facts apply to all six of the above-captioned cases. (No. 7:16-cv-46, Doc. 48 at 4-5; No. 7:16-cv-58, Doc. 39 at 4-5; No. 7:16-cv-65, Doc. 42 at 4-5; No. 6:16-cv-274, Doc. 35 at 4-5; No. 7:17-cv-53, Doc. 32 at 4-5).

3

finding.  *Id.*  During Plaintiffs' redetermination hearings, the SSA found there was insufficient evidence to support a finding of disability.  *Id.*

Many claimants who were denied benefits, including Plaintiffs, filed suit here in the Eastern District of Kentucky, with the cases being randomly assigned to different judges.  In 2016, then-District Judge Amul R. Thapar issued an opinion finding that the SSA's categorical exclusion of potentially fraudulent medical reports violated the due process clause of the Fifth Amendment.  *Hicks v. Colvin*, 214 F. Supp. 3d 627 (E.D. Ky. 2016) (Thapar, J.).  Chief Judge Danny C. Reeves and Judge Joseph M. Hood shortly thereafter held that the SSA's redetermination process did not violate due process, the Social Security Act, or the Administrative Procedure Act ("APA").  *Carter v. Colvin*, 220 F. Supp. 3d 789 (E.D. Ky. 2016) (Reeves, C.J.); *Perkins v. Colvin*, 224 F. Supp. 3d 575 (E.D. Ky. 2016) (Hood, J.).

Due to the conflicting opinions, the Sixth Circuit agreed to consolidate multiple cases stemming from the SSA's redetermination process and granted an interlocutory appeal.[4]  The appeal

---

[4] The cases that were consolidated were: *Hicks v. Berryhill*, No. 17-5206; *Blackburn v. Berryhill*, No. 17-5211; *Ousley v. Berryhill*; No. 17-5212; *Justice v. Berryhill*, No. 17-5213; *Jenkins v. Berryhill*, No. 17-5214; *Adams v. Berryhill*, No. 17-5215; *Hale v. Berryhill*, No. 17-5216; *Perkins v. Colvin*, No. 17-5598; *Howard v. Colvin*, *Griffith v. Colvin*, and *Martin v. Colvin*, No. 17-5614.

4

effectively stayed all similarly situated cases in the district. (*See, e.g.*, No. 7:16-cv-46, Doc. 29, Order Granting Stay).

On appeal, two of the three judges on the panel held that the SSA's redetermination process violated the plaintiffs' due process rights because it did not give the plaintiffs' the opportunity to rebut the potential fraudulent medical reports. *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 796-804 (6th Cir. 2018). The panel also held that the redetermination process violated the APA's formal adjudication requirements and was arbitrary and capricious. *Id.* at 804-09. Judge John M. Rogers wrote a thoughtful dissent, holding that the redetermination process did not violate due process or the Administrative Procedure Act. *Id.* at 813-27 (Rogers, J., dissenting).

The Sixth Circuit remanded the cases to the various district courts to then remand to the SSA. At the district court level, the SSA argued for remand under sentence six, which is proper when the court "remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). But the district courts ultimately remanded to the SSA for redetermination under sentence four of 42 U.S.C. § 405(g), which is appropriate when "the Secretary has failed to provide a full and fair hearing, to make explicit findings, or to have correctly appl[ied] the law and regulations." *Id.* at 101. Following remand

5

to the SSA, many plaintiffs, including those in the above-captioned cases, moved for attorney's fees under the Equal Access to Justice Act. (*See, e.g.*, 7:17-cv-53, Doc. 31).

In 2019, Chief Judge Reeves, Judge Hood, and Judge David L. Bunning denied the motions for attorney's fees, finding that the government's position was "substantially justified." *See, e.g., Howard v. Saul*, 7:16-cv-00051, 2019 WL 5191831 (E.D. Ky. Oct. 15, 2019) (Reeves, J.); *Mullins v. Comm'r of Soc. Sec.*, 5:16-cv-00130 (E.D. Ky. Nov. 18, 2019) (Bunning, J.); *Russelburg v. Saul*, 5:16-cv-00128 (E.D. Ky. Jan. 9, 2020) (Hood, J.). The plaintiffs in those cases appealed to the Sixth Circuit, which again stayed the above-captioned cases pending resolution of those cases. (*See, e.g.*, No. 7:16-cv-46, Doc. 52, Order Granting Stay). In 2021, the Sixth Circuit upheld the denial of attorney's fees, holding that it was not an abuse of discretion for the district courts to find that the SSA's position was "substantially justified." *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556 (2021).

Following the decision, the SSA filed motions in the currently pending cases seeking to lift the stay and deny attorney's fees. These motions are currently ripe for decision.

### ANALYSIS

Plaintiffs seek attorney's fees under the Equal Access to Justice Act ("EAJA"). The EAJA, in relevant part, states:

6

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

For purposes of an EAJA analysis, the Court must take a "fresh look at the case from an EAJA perspective and reach a judgment on fees and expenses independent from the ultimate merits decision." *Hayden v. Saul*, No. 7:16-cv-178, 2019 WL 5677513, at *4 (E.D. Ky. Oct. 31, 2019) (internal quotations omitted). The Court must therefore consider the following factors: whether the plaintiffs prevailed; whether the government's position was substantially justified; and whether any special circumstances exist that make an award unjust. *Id.* (citing *I.N.S. v. Jean*, 496 U.S. 154, 158 (1990)).

The parties here do not dispute that Plaintiffs are prevailing parties under the EAJA. *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) (explaining that a plaintiff who is granted a remand under sentence four of 42 U.S.C. § 405(g) is deemed a prevailing party under the EAJA). They also do not argue that there are circumstances that would make an award unjust. *See United States ex rel. Wall v. Circle C Constr., LLC*, 868 F.3d 466,

7

472 (6th Cir. 2017). The primary question is whether the SSA's position in the case was "substantially justified." The government bears the burden of proof on this element. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726–27 (6th Cir. 2014).

The Supreme Court has explained that a position is "substantially justified" when the position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A party's position may still be justified "even though it is not correct" or ultimately rejected by a court. *Id.* at 566 n.2. The Court must focus on "the actual merits of the government's litigating position." *Id.* at 569. But the Court may also consider other factors such as dissenting opinions, views of other courts, and strings of losses or successes. *Wall*, 868 F.3d at 471.

When reviewing the position of the government, it is relevant whether the government lost because its argument contradicted clearly controlling case law or because there was an unsettled question that was resolved unfavorably. *Perket v. Sec'y of Health & Hum. Servs.*, 905 F.2d 129, 135 (6th Cir. 1990). The Court should examine the government's position "as a whole," including all pre-litigation arguments. *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016). But the Court should avoid being "subtly influenced by the familiar shortcomings of hindsight judgment." *Beck v. Ohio*, 379 U.S. 89, 96 (1964).

In *Griffith*, the Sixth Circuit extensively reviewed the justifiability of the SSA's position in the Eric Conn cases and found that its position was "substantially justified" to warrant the denial of fees. 987 F.3d 556 (2021). The Sixth Circuit reasoned that there was a lack of controlling case law as to what process the SSA owed the plaintiffs. The panel also noted that Judge Rogers's "well-reasoned dissent" illustrated the objective indicia of reasonableness of the government's position in its defense of the redetermination process. *Id.* at 571. Further, the Eric Conn cases have presented multiple issues of first impression which provided the government "more leeway to construct its arguments." *Id.* at 572. Therefore, the Sixth Circuit found that the SSA's position was substantially justified and the district courts' denial of EAJA fees was not an abuse of discretion.

Plaintiffs' attorneys in the present cases argue that because *Griffith* was a review for abuse of discretion, this Court is not bound by that decision and should find that the government's position was not substantially justified and award EAJA fees. (*See, e.g.*, 7:16-cv-58, Doc. 44 at 1-4). They point to numerous other cases involving Eric Conn's former clients in other circuits in which the courts awarded EAJA fees. *See Kirk v. Comm'r of Soc. Sec.*, 987 F.3d 314, 321 (4th Cir. 2021)("It is not only arbitrary and capricious, but also fundamentally unfair, for SSA to distinguish between similarly situated claimants based on

9

circumstances entirely outside of their control."); *Bryant v. Saul*, No. 1:17-cv-220, 2020 WL 7137874, at *5 (N.D. Ill. Dec. 7, 2020) (arguing that a finding that the SSA's procedure was substantially justified "borders on the unconscionable").

After careful consideration of the Sixth Circuit's analysis in *Griffith*, this Court finds that the government's position in defense of its redetermination process was substantially justified. District judges within the Eastern District of Kentucky reached differing conclusions about the sufficiency of the redetermination process, and on appeal, Judge Rogers wrote a thoughtful dissent arguing that the government's position did not violate due process or the APA. *See Hicks*, 909 F.3d at 813–27 (Rogers, J., dissenting). This shows that reasonable minds could differ on whether the redetermination process violated due process and the APA. Therefore, an award of EAJA fees is not warranted.

Regarding the due process issue specifically, the three-part due process analysis under *Mathews* is flexible, and the conclusion that due process was not met by the SSA's redetermination procedure was open to reasonable disagreement. As Judge Bunning noted when he found the government's position justifiable, "both parties had strong interests at stake." *In re Fee Motions in Various Soc. Sec. Cases Affected by the Sixth Circuit Decision in Hicks v. Comm'r of Soc. Sec.*, No. 17-5206, 2019 WL 6119220, at *4 (E.D. Ky. Nov. 18, 2019) (internal citations omitted). Plaintiffs, of

10

course, had an interest in maintaining their benefits, whereas the government had an interest in preventing fraud and conserving resources. *Id.* Additionally, the government explained that the risk of erroneous deprivation was low because the plaintiffs were permitted to submit additional evidence to the SSA during the redetermination process. *Id.* Allowing the plaintiffs to challenge the exclusion of potentially fraudulent records would have provided little benefit to them. *Id.* Thus, the government's position that it did not violate due process was substantially justified.

Turning to the APA issue, the Court finds the SSA's position was also substantially justified. To echo Chief Judge Reeves's reasoning, it was reasonable for the SSA to believe that the redetermination process was not subject to formal adjudication requirements. *Howard v. Saul*, 7:16-cv-00051, 2019 WL 5191831, at *6 (E.D. Ky. Oct. 15, 2019). Formal adjudication requirements apply to agency hearings, and "the SSA acted reasonably in concluding that it was not required to conduct hearings pursuant to § 405(b)(1), since that provision deals with 'any individual *applying* for a payment.'" *Id.* (emphasis in original).

Accordingly, the government's position that the redetermination process did not violate the APA was also substantially justified.[5]

This Court therefore joins the other judges in the Eastern District of Kentucky in finding that the award of attorney's fees under the EAJA is not warranted. The Court adopts and incorporates by reference the full reasoning of the Sixth Circuit's opinion in *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556 (6th Cir. 2021), and finds that the government's redetermination process, although ultimately rejected, was substantially justified.

Thus, Plaintiffs' motions for attorney's fees are **DENIED**. (No. 7:16-46, Doc. 46; No. 7:16-58, Doc. 37; No. 7:16-65, Doc. 41; No. 7:16-197, Doc. 39; No. 6:16-274, Doc. 34; No. 7:17-53, Doc. 31). Defendant's motions to lift the stay and deny EAJA fees are **GRANTED**. (No. 7:16-46, Doc. 53; No. 7:16-58, Doc. 43; No. 7:16-65, Doc. 46; No. 7:16-197, Doc. 45; No. 6:16-274, Doc. 39; No. 7:17-53, Doc. 36).

This 8th day of March 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

---

[5] Although the Court acknowledges that the government's arguments for remand under sentence six and not sentence four were unreasonable, the government's position, taken as a whole, is still substantially justified. *Griffith*, 987 F.3d at 570-72.